[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 22, 1997, the plaintiffs, David Flewellyn and other members of the Independent Party of Norwalk, filed an action against the defendants, Douglas Hempstead and other members of the Executive Committee of the Independent Party of Norwalk (the Committee), seeking an injunction requiring the Committee "to withdraw the list of candidates improperly filed by them." The plaintiffs also seek an injunction prohibiting the Committee from filing a list of Independent Party candidates for the November 1997 election.
The Town Clerk of Norwalk, Mary Keegan, is also named as a defendant. The plaintiffs seek an injunction prohibiting Keegan from listing on the November 1997 ballot "any of the names improperly filed by the . . . [Committee]." Instead, the CT Page 10426 plaintiffs seek to replace the Committee's candidates with a candidate they claim is the "validly endorsed candidate of the Independent Party for the position of Third Taxing District Commissioner."
On October 1, 1997, Defendant Keegan filed a counterclaim seeking a declaratory judgment instructing her how to proceed with regard to this action. On October 6, 1997, the remaining defendants collectively filed a motion to dismiss on the ground of lack of subject matter jurisdiction. On October 6 and 7, 1997, recognizing the need to expedite the proceedings due to the imminent election, this court allowed the parties to present testimony and evidence regarding the merits of the action. It was made clear to the parties, however, that the court would not make any rulings or findings on the underlying controversy until the defendant's motion to dismiss was addressed. The court also indicated that should the motion to dismiss be denied, the defendants would have ample opportunity to file any other pleadings they deem appropriate, including, but not limited to a motion to strike and an answer. This court denied the motion to dismiss on October 9, 1997.
Immediately subsequent to the denial of the motion to dismiss, on October 9, 1997, the Committee filed a motion to strike.[1] The motion to strike, however, was immediately withdrawn. The Committee then filed an answer and special defenses to the plaintiffs' complaint. The Committee also filed a counterclaim seeking an injunction against the plaintiffs' candidate from appearing on the ballot and a determination that its endorsed candidates should be placed on the November 1997 ballot instead. The Committee also filed a cross-complaint against Keegan seeking the same. Later on October 9, 1997, the plaintiffs and defendant Keegan orally answered the pleadings filed by the Committee. Hard copies of these answers were provided to the court on October 10, 1997.
Also on October 9, 1997, the Committee made an oral motion to dismiss for failure to make out a prima facie case pursuant to Practice Book § 302. On October 10, 1997, the plaintiffs filed a memorandum in opposition to the motion to dismiss. The court first addresses this motion to dismiss.
"A court may find that a plaintiff has failed to make out a prima facie case when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the CT Page 10427 essential issues on the complaint in favor of the plaintiff. . . . In considering a motion under Practice Book § 302, a trial court must consider all of the plaintiff's evidence to be true. . . . Further, a trial court must draw all inferences in the plaintiff's favor." Loiseau v. Board of TaxReview of Suffield, 46 Conn. App. 338, 342, (1997).
The court finds that if it were to accept the plaintiffs' inference as true, namely that the defendants gave improper notice prior to the vote to amend the by-laws, that the court could find the essential issues in the plaintiffs' favor. The plaintiff has therefore established a prima facie case. The defendant's motion to dismiss for failure to make out a prima facie case is denied. The court, therefore, addresses the merits of the action before it.
The plaintiffs claim that the defendants violated their constitutionally protected right to vote, as well as unspecified Connecticut statutes, when the Committee changed its candidate endorsement procedure from an "open caucus" system to a "town committee" system without providing adequate notice to the plaintiffs of the vote promulgating the change.
The present action is analogous to the case of Nielsen v.Kezer, 232 Conn. 65, 652 A.2d 1013 (1995). In Nielsen, two candidates for the state senate, Setaro and Nielsen, sought the recommendation of a political party's executive committee. Id., 69. The executive committee, operating under its by-laws, nominated Setaro. Id. A dispute arose when, at the party's nominating convention attended by only one delegate, that sole delegate, Charles Hamad, nominated Nielsen to be endorsed by the party. Id., 70. Hamad and Nielsen filed the endorsement with the secretary of the state, as is required by General Statutes §9-388. Id.
Thereafter, the executive committee invalidated Nielsen's endorsement on the ground that the endorsement was not seconded in accordance with the party's by-laws. Nielsen v. Kezer, supra,232 Conn. 71. Subsequently, the secretary of the state withdrew Nielsen's filed endorsement and a law suit was commenced. Id.
The Nielsen court stated that the proper scope of the trial court's review of the executive committee's decision is extremely limited: "Political parties generally are free to conduct their internal affairs free from judicial supervision. . . . This CT Page 10428 common law principle of judicial restraint, rooted in the constitutionally protected right of free association, serves the public interest by allowing the political process to operate without undue interference." (Citations omitted.) Nielsen v.Kezer, supra, 232 Conn. 78. The executive committee is entitled to "wide latitude" in interpreting and applying its party rules.Id., 79. See also Carney v. Pilch, 30 Conn. Sup. 34, 35,296 A.2d 687 (1972) (Sponzo, J.) ("Political parties are voluntary associations for political purposes. They establish their own rules. . . . The reluctance of courts to decide between rival factions of political organizations is proverbial") (citation omitted.)
The court has heard the testimony and considered the documents entered into evidence. This court finds that the plaintiffs are members of the Independent Party of Norwalk (the Party). The Committee defendants are members of the executive committee of the Party and/or Party members. The Party operates under certain by laws entitled "The Articles of the Independent Party of Norwalk, Connecticut as Amended".
The by-laws in effect prior to the disputed amendment, specifically Article IX, states: "These By-Laws may be amended at any regular meeting of the Independent Party by a two-thirds vote of the members present, provided: that the proposed amendment had been presented at least one regular meeting previous to being acted upon, and the members had been notified of the meeting at which the amendment to the By-Laws would be proposed and acted on." (Affidavit of Douglas E. Hempstead in support of motion to dismiss, Exhibit A.)
The court is convinced that the Committee properly interpreted and applied its by-laws. The court is also convinced that the Party properly amended their by-laws in accordance with Article IX. The evidence shows that, since January of 1996, the Committee and other Party members were openly considering a proposal to change the Party's method of endorsing a candidate from an "open caucus" system to a "town committee" system. A subcommittee was formed to analyze the effect of such a radical change. Further, legal counsel was consulted regarding the legalities of such a change. The proposal was discussed and debated at regularly scheduled meetings which occurred in January 1997 and February 1997. Finally, at the regularly scheduled meeting in March 1997, those Party members in attendance at the meeting voted unanimously to adopt the "town committee" system of CT Page 10429 endorsing a candidate.
The court also finds that proper notice of the vote on the proposal was provided to all party members, in accordance with the intent of the Party rules effective at the time. Notice was given to interested members of the Party by way of discussing the proposal at its regularly scheduled meetings prior to the vote, as well as by word of mouth. It is undisputed that the plaintiffs were aware, or had adequate notice of the regularly scheduled meetings. The plaintiffs chose, however, to exercise their right to not attend those meetings. In essence, the plaintiffs' request that this court invalidate legitimate actions taken by their political party after they freely chose not to attend the meetings in which the party itself debated whether to take the disputed action. This court is unwilling to do so. The plaintiffs' opportunity to voice their objections to the "town committee" system arose at the duly noticed and regularly scheduled party meetings.
The plaintiffs argue that their constitutionally protected due process rights, as well as the constitutionally protected right to vote, requires that the Committee send notice of the impending vote to change the endorsement system to all party members via the postal system, or by placing advertisements in the newspaper. The Nielsen court responded to the plaintiffs' similar constitutional claims in that case by stating that this claim "must be viewed in the context of [the political party's] constitutionally protected associational rights. . . . [T]he constitutional protection extends to the [p]arty's determination of the boundaries of its own association, and of the structure which best allows it to pursue its political goals . . . [A] party has broad latitude to determine how to best organize itself and to conduct its affairs . . . including the discretion to determine the appropriate standards for participation in the [p]arty's candidate selection process." (Citations omitted; internal quotation marks omitted.) Nielsen v. Kezer, supra,232 Conn. 86-7.
The court finds that the Committee was acting fully within its discretion when it interpreted the requirement of "notice", as indicated in the Party's by-laws. Its interpretation of the Party's by-laws was reasonable. The plaintiffs' suggestion that notice requires individual mailed notice to each and every member, or an advertisement in the newspaper, fails to consider the circumstances surrounding the Party's financial condition. CT Page 10430 The Independent Party has a limited amount of funds. Uncontroverted testimony was presented that providing notice in the manner suggested by the plaintiffs would virtually bankrupt the Party. The method of notice used by the Committee, was therefore sufficiently "rooted in legitimate interests of the [P]arty." Nielsen v. Kezer, supra, 232 Conn. 85.
The plaintiff argues that even if the Party properly amended its by-laws, it failed to file them with the Town Clerk as required by General Statutes § 9-374.[2] Therefore, the plaintiffs contend that the defendants noncompliance with the statute renders the by laws null and void. Specifically, the plaintiffs focus on the requirement that the by-laws be filed with the Town Clerk "forthwith" after filing with the secretary of the state.
The court finds that a copy of the Party's by-laws was filed with the secretary of the state sometime on or about June 4, 1997. The Town Clerk's copy was not filed until September 4, 1997. The court, however, need not decide if such a filing was "forthwith".
General Statutes § 9-374 states that where "local party rules . . . have not been filed as hereinabove provided," the local party "shall . . . be subject to the . . . state rules of such party . . . until such time as local party rules therefor are filed and become effective. . . ." An examination of the plain language of this statute indicates that even if this court were to determine that the Town Clerk's copy was not filed "forthwith", the effect of such a late filing would be rendered moot by virtue of the eventual filing of the by-laws with the Town Clerk on September 4, 1997.
In essence, the statute provides that local party rules are effective sixty days after filing with the secretary of state, or immediately after filing with the Town Clerk, whichever comes later. In the present case, when the September 9, 1997 Independent Party nominating convention took place, the amended party rules were legally effective. Therefore, the plaintiffs' claim that the defendants actions violated General Statutes § 9-374 is without merit.
In light of "the narrowly circumscribed role of the judiciary in such matters"; Nielsen v. Kezer, supra, 232 Conn. 79; the court finds for the defendant on all issues in the plaintiffs' CT Page 10431 complaint; for the Committee defendants on all issues in its counterclaim and cross-complaint; and against the defendant Keegan on her counterclaim.
The court orders that:
1. A permanent injunction be entered prohibiting Christine 0. Lee from appearing on the November 1997 election ballot as the Independent Party candidate for the Third Taxing District Commissioner.
2. The slate of candidates nominated and certified by the town committee of the Independent Party of Norwalk, as set forth in Exhibit B of the defendant's counterclaim, are the proper nominees to be placed on the ballot for the November 1997 elections in the City of Norwalk.
3. No other damages, either compensatory or punitive, are awarded to any party.
4. The defendant, Mary Keegan, is ordered to comply with the order of the court as listed above.
It is so ordered.
KARAZIN, J.